UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA H. LASH,

    Plaintiff,                             CIVIL ACTION NO. 09-12324

v.                                       DISTRICT JUDGE JOHN FEIKENS
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

\* \* \*

Plaintiff filed an application for Social Security disability income benefits on February 10, 2006, alleging that she had been disabled and unable to work since July 27, 2005, at age 43, due to severe joint pain. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on October 7, 2008, before Administrative Law Judge (ALJ) David F. Neumann. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of simple, unskilled sedentary work allowing the use of a cane. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 46 years old at the time of the administrative hearing (TR 220). She had been graduated from high school, and had completed three years of college (TR 69). Plaintiff had been employed during the relevant past as a supervisory cashier. She trained new employees for a local fruit market (TR 62). As a cashier, Plaintiff stood for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 50 pounds on a regular basis (TR 63). Claimant stopped working in July 2005, due to severe pain affecting her right leg, left foot, left elbow and low back (TR 224-225). Despite physical therapy, Plaintiff doubted that she could return to work due to severe back, elbow and leg pain (TR 225-226). She remained capable of shopping, cooking, housekeeping, socializing and driving an automobile (TR 235-238). Claimant had to lie down several times a day in order to get pain relief (TR 241). She was allegedly unable to sit or stand for prolonged periods (TR 229-231). Plaintiff estimated that she could lift about 5 pounds (TR 231). She was allegedly unable to bend, kneel, squat, stoop or crawl (TR 231-232). The claimant spent three to four hours a day reading, and enjoyed swimming several times a week (TR 239-240).

A Vocational Expert, Jennifer Turecki, classified Plaintiff's past work as light, semi-skilled activity, which did not impart any transferable skills (TR 245). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[1] (TR 248). If she were capable of sedentary work, however, there were numerous unskilled sorting, inspection, surveillance monitoring and bench assembly jobs that she could still perform with minimal vocational adjustment (TR 246-248). These simple, routine jobs allowed the use of a cane to walk, and did not require standing for longer than 30

---

[1] The witness testified that claimant's alleged need to lie down for several hours a day to relieve her back discomfort would preclude all work activity (TR 248).

**2**

minutes at a time. They required bilateral manual dexterity, and involved only one, two or three step instructions (TR 245-248).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic right hip and left foot pain as well as obesity, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's pain prevented her from working at jobs requiring her to stand or walk for prolonged periods, and from work that did not allow the use of a cane. Plaintiff was limited to jobs involving simple three step instructions, and which did not require standing for longer than 30 minutes at a time. Nevertheless, the Law Judge found that Ms. Lash retained the residual functional capacity to perform a significant number of sedentary jobs, within those limitations, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of sedentary work activity. She also argues that the ALJ improperly evaluated her credibility, and did not take into consideration her the opinion of her treating physician. Defendant counters that the claimant retains the residual functional capacity for a reduced range of sedentary work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of sedentary work. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling functional limitations stemming from her joint pain.

Physical therapy notes indicated that Plaintiff's right hip pain had improved, and that her abnormal gait was significantly corrected when she used a standard cane (TR 124). As long as the claimant avoided repetitive bending, twisting and heavy lifting, she acknowledged that the physical therapy had improved her hip condition (TR 137).

Plaintiff underwent surgery on her left foot in July 2005. She did not require significant treatment for foot pain following the operation (TR 112, 197). Ranges of motion in her left foot returned to normal by May 2006, despite continued complaints of pain (TR 173, 176). Dr. Fremont Scott, a treating physician, reported in November 2006, that Plaintiff was able to perform heel-toe and tandem walking without abnormality (TR 134). Dr. Scott reported in January 2008, that claimant's joint pain was under control with the help of medications, and that she "seemed to be maintained on her own". (TR 209-210).

While Plaintiff alleged that she was partially disabled as a result of back pain, the medical record shows that she did not seek treatment for the condition after receiving an anti-inflammatory drug injection in November 2006, into her sacroiliac joint (TR 134). The fact that the claimant remains capable of shopping, cooking, housekeeping, socializing, driving, caring for a pet, handling finances and swimming on a regular basis suggests that her pain symptoms were not as disabling as she alleged (TR 72-74, 235-239).

Plaintiff relies heavily upon the fact that Dr. Scott opined on September 8, 2004, that she was unable to work on a full time basis (TR 144). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Scott offered little objective evidence during the relevant period to

support his September 2004, statement of disability[2], his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

Contrary to Plaintiff's assertion, the ALJ did not rely solely on the Medical-Vocational Guidelines in determining that she could perform substantial gainful activity. He also considered the testimony offered by the Vocational Expert. There is no merit to Plaintiff's argument that the ALJ should have concluded that she had moderate limitations in maintaining concentration, persistence or pace. Unskilled work, by definition, is limited to understanding, remembering and carrying out only simple instructions and requiring little, if any, judgment. 20 C.F.R. 404.1568(a) (2009). Plaintiff was able to concentrate enough to watch television, read for hours at a time, drive an automobile and care for her family's needs (TR 235-238). Under these circumstances, the ALJ's hypothetical questions accurately portrayed Plaintiff's impairments. There was no medical evidence suggesting that Plaintiff had restrictions greater than those included in the hypothetical question.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings

---

[2]The doctor's disability opinion was rendered ten months prior to the alleged onset date of disability. Nevertheless, Dr. Scott believed that Plaintiff could perform substantial gainful activity as long as she was able to move around and not stand in one spot for prolonged periods (TR 143).

of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments, the Vocational Expert testified that there were numerous unskilled sorting, inspection, surveillance monitor and bench assembly jobs that she could still perform with minimal vocational adjustment (TR 246-248). These simple, routine jobs allowed the use of a cane to walk, and did not require standing for longer than 30 minutes at a time (TR 245-248). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: February 10, 2010

---

**CERTIFICATE OF SERVICE**

I hereby certify on February 10, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 10, 2010: **None.**

                                        s/Michael E. Lang
                                        Deputy Clerk to
                                        Magistrate Judge Donald A. Scheer
                                        (313) 234-5217